**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ART LICENSING INTERNATIONAL, INC., <br><br> Plaintiff, <br><br> v. <br><br> THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A", <br><br> Defendants. | Case No.: 1:25-cv-15200 <br><br> **Judge Jeffrey I. Cummings** <br><br> **Magistrate Judge Keri L. Holleb Hotaling** |

**DEFAULT FINAL JUDGMENT ORDER**

This action having been commenced by Plaintiff ART LICENSING INTERNATIONAL, INC. ("Art Licensing" or "Plaintiff") against the defendant identified on First Amended Schedule A, and using the Online Marketplace Account identified on the First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Plaintiff having moved for entry of Default and Default Judgment against the defendant identified on the First Amended Schedule A attached hereto which has not yet been dismissed from this case (collectively, "Defaulting Defendant");

This Court having entered a preliminary injunction; Plaintiff having properly completed service of process on Defaulting Defendant, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendant received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendant of the pendency of the action and affording them the opportunity to answer and present their objections; and

Defaulting Defendant having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendant because Defaulting Defendant directly targets its business activities toward consumers in the United States, including Illinois. Specifically, Plaintiff has provided a basis to conclude that Defaulting Defendant has targeted sales to Illinois residents by setting up and operating e-commerce at least one store that targets United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and has sold products using infringing versions of Plaintiff's federally registered copyright, which is protected by United States Copyrights Registration No. VA 2-407-383 (the "Dean Russo Work") to residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can purchase products using infringing versions of the Dean Russo Work. *See* Docket No. [16], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing, and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Dean Russo Work.

This Court further finds that Defaulting Defendant is liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Plaintiff's Motion for Entry of Default and Default Judgment is Granted as follows, that Defaulting Defendant is deemed in default, and that this Default Final Judgment is entered against Defaulting Defendant.

This Court further orders that:

1.    Defaulting Defendant, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a.  using the Dean Russo Work or any reproductions, infringing copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Dean Russo Work;

    b.  passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Dean Russo Work;

    c.  committing any acts calculated to cause consumers to believe that Defaulting Defendant's products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

    d.  manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Plaintiff's copyrights, including the Dean Russo Work, or any reproductions, infringing copies or colorable imitations.

2.    Defaulting Defendant and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendant, or in connection with any of the Defaulting Defendant's Defendant Internet Stores, including, without limitation, any online

marketplace platforms such as Amazon Payments, Inc. ("Amazon") (the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendant could continue to sell infringing goods using the Dean Russo Work; and

b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Dean Russo Work or any reproductions, infringing copies or colorable imitations thereof that is not a genuine Plaintiff product or not authorized by Plaintiff to be sold in connection with the Dean Russo Work.

3. Upon Plaintiff's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendant in connection with the sale of infringing goods using the Dean Russo Work.

4. Pursuant to 17 U.S.C. § 504(c)(2), Plaintiff is awarded statutory damages from each Defaulting Defendant in the amount of fifteen thousand dollars ($15,000) for willful use of infringing Dean Russo Work on products sold through at least the Defendant Internet Stores.

5. Any Third Party Providers holding funds for Defaulting Defendant, including Amazon shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendant or the Defendant Internet Stores

from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendant's assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendant's financial accounts, including monies held by Third Party Providers such as Amazon are hereby released to Plaintiff as partial payment of the above-identified damages, and Third Party Providers, including Amazon are ordered to release to Plaintiff the amounts from Defaulting Defendant's financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Plaintiff has recovered full payment of monies owed to Plaintiff by any Defaulting Defendant, Plaintiff shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Plaintiff identifies any additional Defendant Internet Stores accounts or financial accounts owned by Defaulting Defendant, Plaintiff may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendant by e-mail at the e-mail addresses identified in Exhibit 2 to the Declaration of Jack Appelman and any e-mail addresses provided for Defaulting Defendant by third parties.

9. The Three Thousand U.S. Dollar ($10,000) surety bond posted by Plaintiff is hereby released to Plaintiff or Plaintiff's counsel, JiangIP, LLC, 33 W Jackson Blvd, #2W, Chicago, Illinois, 60604. The Clerk of the Court is directed to return the surety bond previously deposited with the Clerk of the Court to Plaintiff or Plaintiff's counsel.

This is a Default Final Judgment.

Dated: July 8, 2026

_____
Jeffrey I. Cummings
United States District Judge

5

**First Amended Schedule A**

| No. | Defendant |
|-----|-----------|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | XCKSSM |
| 17 | |
| 18 | |
| 19 | |
| 20 | |